IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SARAH RAMOS, | § | |
| | § | |
| Plaintiff, | § | SA-18-CV-00430-DAE |
| | § | |
| vs. | § | |
| | § | |
| HT ELECTRONICS, LLC, TALAT | § | |
| OZKAN, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiff Sara Ramos' Motion for Default Judgment against Defendants HT Electronics, LLC, and Talat Ozkan [#9]. On October 18, 2018, the Honorable David A. Ezra referred this motion to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Court **GRANT** Plaintiff's Motion for Default Judgment.

**I. Jurisdiction**

This case arises under the Fair Labor Standards Act of 1938 ("the FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, so as to permit federal question jurisdiction under 28 U.S.C. § 1331.

**II. Procedural History**

Plaintiff Sara Ramos ("Plaintiff") originally filed this action against Defendants HT Electronics, LLC ("HT Electronics"), and Talat Ozkan (collectively, "Defendants") on May 8,

1

2018 [#1]. Plaintiff alleges that Defendants violated the federal overtime provisions by failing to compensate Plaintiff for her employment at a rate not less than one and one-half times her regular rate of pay for time worked in excess of forty hours per week. (Compl. [#15] at ¶ 15); *see* 28 U.S.C. § 207(a). Defendants were served with a Summons [#4, #5] and a copy of the Complaint on June 26, 2018 [#6]. Defendants' answers were due on July 17, 2018, but Defendants have not filed a responsive pleading or otherwise made an appearance in this case. Plaintiff filed a Motion for Entry of Default against Defendants on October 8, 2018 [#7]. Default was entered against Defendants on October 10, 2018 [#10]. On October 16, 2018, Plaintiff filed a Motion for Default Judgment [#9], which is the subject of this recommendation.

By her motion, Plaintiff seeks both a default judgment against Defendants for failing to pay her overtime wages as required under the FLSA and an award of: (1) $9,240 for unpaid overtime wages; (2) an equal amount in liquidated damages; (3) attorneys' fees of $1,970; and (4) costs of $625, for a total damages award of $21,075. (Mot. for Default J. [#9] at 10.) In order to ensure that Defendants received a copy of Plaintiff's Motion for Default Judgment, as well as an opportunity to cure their defect, the Court ordered the District Clerk's Office to mail a copy of the motion to Defendants at their address on record with this Court [#10]. The Court further ordered Defendants to respond to the motion on or before November 7, 2018. The District Clerk's Office mailed a copy of the pertinent court filings to Defendants via first-class mail and certified mail, return receipt requested, to their address on file [#11]. The certified mail was returned as undeliverable with no forwarding address as to Defendant Talat Ozkan [#12]. Defendant HT Electronics was served with the Court's Order [#14] but did not file a response by November 7, 2018. In summary, to date, neither Defendant has filed a response to Plaintiff's Motion for Default Judgment or otherwise made an appearance in this case.

### III. Factual Allegations

Plaintiff alleges that she was employed by Defendants from June 8, 2017, to January 25, 2018, and was paid at "varying rates." (Compl. at ¶ 4.) Plaintiff claims that she was only paid for forty hours per week, but that, in the last twenty-two weeks of her employment with Defendants, she worked an average of sixty hours per week. (*Id.* at ¶ 6.) Plaintiff indicates that her rate of pay at the time her employment with the Defendants ended was $14 per hour. (*Id.* at ¶ 5.) Plaintiff sues for overtime pay, contending that the FLSA has been violated because she was only paid for forty hours per week.

### III. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. *See* Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages), but must determine whether those facts state a claim upon which relief may be granted. *See Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992); *United States ex rel. M–Co. Constr., Inc. v. Shipco Gen.*, Inc., 814 F.2d 1011, 1014 (5th Cir. 1987). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); s*ee Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

## IV. Analysis

The record in this case establishes that Defendants have failed to plead or otherwise defend against Plaintiff's claim. Defendants were served with a copy of the Complaint, but failed to answer or otherwise respond. Accordingly, the undersigned finds that the Clerk properly entered default, and Plaintiff is entitled to default judgment if the facts alleged in Plaintiff's Complaint state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc.*, 814 F.2d at 1014. Having reviewed the substance of Plaintiff's Complaint, the undersigned finds that Plaintiff has established Defendants' liability under the FLSA, and thus that she is entitled to back overtime pay, liquidated damages, and reasonable attorneys' fees. However, although Plaintiff has established that she is entitled to damages, she has not demonstrated that she is entitled to the amount of unpaid overtime wages that she is claiming. The undersigned will therefore order Plaintiff to supplement the record with additional information regarding her varying rates of pay so that the Court can calculate her back wages and liquidated damages.

**A.     The Court should award default judgment to Plaintiff on her FLSA claim.**

Plaintiff is entitled to default judgment on her claim for unpaid overtime wages. Plaintiff's Complaint alleges that Defendants violated the FLSA by failing to compensate Plaintiff for her employment at a rate not less than one and one-half times her regular rate of pay for time worked in excess of forty hours per week. (Compl. at ¶ 15.)

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA guarantees minimum wage and

overtime compensation for employees who are (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" to include an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

28 U.S.C. § 203(s)(1). If an employer meets both requirements, then all its employees are subject to the FLSA, unless otherwise exempted by another provision of the act.

Plaintiff has established enterprise coverage under the FLSA. Plaintiff claims that, at all times material to this action, Defendant HT Electronic "employed two or more employees" and "was an enterprise engaged in interstate commerce . . . or in the production of goods for commerce." (Compl. at ¶¶ 9, 10.) These allegations satisfy the first prong of the test for enterprise coverage. Plaintiff also claims that Defendant HT Electronic "had an annual dollar volume of sales or business done of at least $500,000." (*Id.* at ¶ 9.) This allegation meets the second prong of the test.

Once enterprise coverage has been established, an employee must further demonstrate, by a preponderance of the evidence, "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; . . . [(2)] that the employer violated the FLSA's overtime wage requirements; and [(3)] the amount of overtime compensation due." *Johnson v.*

*Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Once the employee establishes a *prima facie* case, the burden then shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

Plaintiff has established that she had an employment relationship with the Defendants during the unpaid overtime periods claimed. The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* at § 203(d). For the purposes of the FLSA, the term "employer" has been broadly interpreted and may include one or more joint employers depending on the nature of the relationship between the employers. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973); 29 C.F.R. 791.2(a) (1961) ("[I]f the facts establish that the employee is employed jointly by two or more employers, *i.e.*, that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek."). In determining whether a party is an employer or joint employer for purposes of the FLSA, the court must consider the "economic realities" of the relationship

between the alleged employer and employee. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). "The 'economic reality' test includes inquiries into whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).

Plaintiff alleges that she worked for Defendants from June 8, 2017, to January 25, 2018. (Compl. at ¶ 4.) Plaintiff states that Defendant Talat Ozkan "actively ran the business on a day-to-day basis and acted directly or indirectly in relation to Plaintiff's employment" and was "substantially in control of the terms and conditions of her work." (*Id.* at ¶ 11.) Additionally, Plaintiff states that Defendants HT Electronics and Talat Ozkan "hired Plaintiff, determined and controlled her rate and method of pay, controlled and dictated her work schedule, and were in total control of the conditions and terms of her employment." (*Id.* at ¶ 12.) Thus, Defendants HT Electronics and Talat Ozkan were joint employers under the FLSA.

Plaintiff also alleges that during the last twenty-two weeks of her employment with Defendants, she worked more than forty hours per week but was only paid for forty hours per week.

These allegations, as supported by Ms. Ramos' Declaration[1], state a claim for unpaid overtime wages under the FLSA. Therefore, Plaintiff is entitled to a default judgment on her FLSA claim.

---

[1] The Declaration of Sara Ramos is attached as Exhibit A to Plaintiff's Motion for Default Judgment [#9].

**B.  Plaintiff has provided adequate proof of the amount of damages she should recover.**

Rule 55(b) provides a court with discretion to convene an evidentiary hearing on the issue of damages. *See* Fed. R. Civ. P. 55(b)(2). When a party seeks default judgment, damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, where the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents," and where a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993). A district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment. *Id.* at 310. Here, Plaintiff does not request a hearing and has attached declarations to her motion from which this Court may calculate damages. Accordingly, an evidentiary hearing to determine damages is unnecessary. *See Fauzi v. Royal Hospitality Servs., LLC*, 2016 WL 3167080, at *2 (S.D. Miss. June 6, 2016) (explaining that hearing on damages was not required because affidavits filed with the court adequately demonstrated movant's entitlement to damages). However, Plaintiff must supplement her declaration so that an appropriate damages calculation may be made.

    i.    <u>Plaintiff is owed back overtime wages but must file a supplemental declaration so that the Court may determine the amount of unpaid overtime wages owed to her.</u>

Plaintiff claims that Defendants owe her $9,240 in unpaid overtime wages, calculated by multiplying twenty hours (the average number of uncompensated overtime hours per week) by $21 (one and one-half times her regular rate of pay of $14) by twenty-two weeks. (Compl. at ¶ 9; Ramos Decl. [#9-1] at ¶ 6.) In FLSA cases, it can be appropriate to approximate damages, especially where, as here, Defendants have failed to participate in the case and are in possession of the payroll and personnel records necessary to calculate the employee's damages with

8

certainty. *See Harvill*, 422 F.3d 428 (citing *Anderson*, 328 U.S. at 687–88, for the proposition that, if the employer fails to come forward with evidence of the precise amount of work performed, the court may then award damages to the employee even though the result may only be approximate).

However, in this case, Plaintiff has provided ambiguous information concerning her rate of pay, and the Court is unable to calculate the amount of unpaid overtime wages owed to her based on the record before it. In her motion for default judgment, Plaintiff states that she was "paid at varying rates (33.0 weeks)" and that her "rate of pay at the time her employment with . . . Defendants ended was $14.00." (Mot. for Default J. at 2.) But Plaintiff provides no information whatsoever with respect to which weeks that was her rate of pay (other than, presumably, her last) or what her other rates of pay were. Under the FLSA, employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of forty hours during a seven-day workweek. *See McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 425 (5th Cir. 2006) (citing 29 U.S.C. § 207(a)). Thus, overtime compensation is calculated on a weekly basis, and an employee who is paid at different rates of pay during different weeks is entitled to different overtime pay rates for those weeks.

Plaintiff must file a supplemental declaration indicating her rate of pay and approximate hours of overtime for each of the weeks that she is claiming back overtime wages. The Court will then calculate the amount of unpaid overtime wages owed to her.

    ii.    <u>Plaintiff is also owed liquidated damages.</u>

The FLSA provides that a successful employee is usually entitled to, in addition to the amount of the employee's unpaid overtime compensation, an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). An award of liquidated damages to a prevailing

plaintiff in a FLSA action is mandatory, unless "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Id.* at § 260. The Fifth Circuit has cautioned that "[u]nder the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Here, Defendants, by virtue of having failed to participate in this case, have failed to meet this burden. In addition, Defendants, by their default, admit Plaintiff's well-pleaded allegations of fact, including that Defendants' violations were willful. Hence, Plaintiff should be awarded liquidated damages in an amount equal to the amount of back overtime wages that the Court calculates.

    iii.    <u>Attorneys' fees in the amount of $1,970 and costs of $625 should be awarded.</u>

Counsel for Plaintiff, Charles Scalise, seeks attorneys' fees in the amount of $1,970. The FLSA provides for a mandatory award of attorneys' fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In determining reasonable attorneys' fees, a court must first calculate the "lodestar" amount, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012); *see Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("The Court determines the reasonable hourly rate "according to the prevailing market rates in the relevant community."). Once this amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). However,

"[a] strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional cases." *Payne v. Univ. of S. Mississippi*, 681 F. App'x 384, 390 (5th Cir. 2017) (quoting *Pembroke v. Wood Cty.*, 16 F.3d 1214 (5th Cir. 1994)). "The plaintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). A fee applicant "can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

Plaintiff seeks attorneys' fees in the amount of $1,970. The time records attached to Mr. Scalise's Declaration indicate that the Ross Law Group expended 3.3 hours of attorney time at a rate of $400 per hour and 5.2 hours of paralegal time at a rate of $125 per hour. (Mot. for Default J. at 8; Scalise Decl.[2] [#9-2] at ¶¶ 3–4.) Having reviewed Mr. Scalise's Declaration, the undersigned finds that the hourly rate of $400 is reasonable for an attorney practicing in the field of employment law with comparable experience to Mr. Scalise. *See Clark v. Centene Corp.*, No. A-12-CA-174-SS, 2015 WL 6962894, at *8 (W.D. Tex. Nov. 10, 2015) (finding $425 per hour to be a reasonable rate for highly skilled and experienced attorneys who command an above-median rate); *Meesook v. Grey Canyon Family Med., P.A.*, No. 5:13-CV-729-XR, 2014 WL 5040133, at *4 (W.D. Tex. Oct. 8, 2014) (finding $400 per hour a reasonable and customary rate for a FLSA case). The undersigned also finds that the 3.3 hours expended by Mr. Scalise in litigating this case is reasonable.

Additionally, the undersigned finds that the hourly rate of $125 is reasonable for a paralegal with comparable experience to Mr. Rankin, and that the 5.2 hours expended by Mr.

---

[2] The Declaration of Charles Scalise is attached as Exhibit B to Plaintiff's Motion for Default Judgment [#9].

Rankin in litigating this case is reasonable. This Court has consistently found an hourly rate of $125 to be reasonable. *See* Saldivar *v. Austin Indep. Sch. Dist.*, No. A-14-CA-00117-SS, 2016 WL 1064654, at *4 (W.D. Tex. Mar. 15, 2016), *aff'd*, 675 F. App'x 429 (5th Cir. 2017) (finding a paralegal hourly rate of $125 to be reasonable); *Davis v. Perry*, No. CIV. SA-11-CA-788, 2014 WL 172119, at *2 (W.D. Tex. Jan. 15, 2014) (same).

Finally, Plaintiff seeks costs of $625. As stated in Mr. Scalise's Declaration, Plaintiff has incurred $400 in filing fees and $225 in service of process fees in connection with this action. (Scalise Decl. at ¶ 7.) Thus, Plaintiff is entitled to recover $625 in costs from Defendants.

In sum, the undersigned recommends an award of (1) unpaid overtime wages, to be calculated after supplemental information is provided by Plaintiff, (2) an equal amount in liquidated damages, (3) $1,970 in attorneys' fees, and (4) $625 in costs.

## V. Conclusion and Recommendation

Having considered Plaintiff's motion and supporting affidavits, the case file, and the lack of response from Defendants, the undersigned recommends that Plaintiff Sara Ramos' Motion for Default Judgment against Defendants HT Electronics, LLC, and Talat Ozkan [#9] be **GRANTED.** It is further recommended that a final judgment be entered against Defendants HT Electronics, LLC, and Talat Ozkan **in a total amount to be determined by the District Court after Plaintiff provides supplemental information, plus post-judgment interest on the amounts awarded herein at the appropriate annual rate from the date of this judgment until paid.**

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of November, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE